**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

No. 99-20811
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EDWIN W. RUBIS, also known as Eddie, also known
as Richardo Castillo,

Defendant-Appellant.

Appeal from the United States District Court for
the Southern District of Texas, Houston Division
H-98-CR-57-5

October 12, 2000

Before DAVIS and EMILIO M. GARZA, Circuit Judges, and POGUE[*],
Judge.

PER CURIAM:[**]

Rubis raises three objections to his sentence which the
district court imposed following his conviction on drug trafficking
charges: (1) the enhancement of his sentence for obstruction of
justice; (2) the quantity of drugs on which the sentence was based;
and (3) the propriety of the fine.

_____

[*] Judge of the U.S. Court of International Trade, sitting by
designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We conclude that Rubis' objections based on the quantity of drugs attributed to him and the propriety of the enhancement for obstruction of justice are without merit. After reviewing the record, the briefs and argument of counsel, we conclude that the district court committed no plain error in its disposition of these two issues and we affirm these rulings.

We find more substantial, however, Rubis' argument that the district court committed plain error in imposing a $25,000 fine. The PSR reports that Rubis has no assets and, based on the defendant's inability to pay a fine within the guideline range, recommended a reduced fine of $5,000. As Rubis is facing a 40 year prison sentence, we see no facts that suggest any resource from which a fine would be paid except perhaps from Rubis' prison earnings.

As an initial matter, however, it is unclear whether the record supports a conclusion that Rubis had the ability to pay the fine. It is also unclear whether district court intended to impose the fine. The oral sentence imposed by the court does indicate that the court imposed a $25,000 fine. However, the written judgment indicates that the fine is waived. Before considering whether the district court committed plain error in imposing such a fine, we believe it prudent to remand this case to the district court to give it an opportunity to reconsider whether it wishes to impose this fine and, if so, to resolve the ambiguity between its

2

oral sentence and the written judgment.

Accordingly, the district court's judgment is AFFIRMED, except for the court's imposition of the $25,000 fine. That portion of the sentence is VACATED and the case is REMANDED for further proceedings consistent with this opinion.